Carroll Township, a Municipal Corporation, Appellant *v.* Griffith J. Jones and Ronald A. Jones, Appellees.

Submitted on briefs September 12, 1984, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*Herman J. Bigi,* for appellant.

*Raymond P. Amatangelo,* with him, *Janette Baisley,* for appellees.

OPINION BY JUDGE CRAIG, October 3, 1984:

Because we have permitted the appeal of an inter-locutory question certified by the Court of Common Pleas of Washington County, in an eminent domain proceeding initiated by a landowners' petition for appointment of viewers, which averred a de facto taking of their alleged right-of-way by Carroll Township's demolition of a bridge across a creek, we must determine if the township bypassed the issue of the landowners' alleged lack of right-of-way interest, when the township did not raise that question in *preliminary objections* to the petition for appointment of viewers.

The township stated the issue of the absence of landowners' title interest in its *answer* to the petition for appointment of viewers, but without pursuing the

matter by evidentiary hearing or otherwise in court before the assignment of the case to the viewers. Counsel for both sides argued the issue in the proceedings before the viewers, but, upon the township's appeal to the court after the viewers had entered an award for the landowners, the landowners took the position that the township was then precluded on the point, and the trial court agreed, citing our decision in *City of Philadelphia v. Airportels, Inc.*, 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974). The trial judge, Judge ROGERS, must be affirmed because his order followed the correct view of the law, which we reiterated in *Pennsylvania Department of Transportation v. Harrisburg Coca-Cola Bottling Co., Inc.*, 51 Pa. Commonwealth Ct. 425, 414 A.2d 1097 (1980). In those two cases, as well as in the earlier decisions they cite, we have read section 504 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-504, as providing that preliminary objections under that Code are the exclusive method by which a governmental agency may raise legal and factual objections to a petition for viewers alleging a de facto taking.

The distinction is more significant than the mere label placed on the governmental agency's responsive pleading, as "preliminary objections" or as an "answer." The Code has established a special role for preliminary objection proceedings in an eminent domain case, in that they there provide a vehicle by which the common pleas court can resolve all legal and factual questions of entitlement at the outset, with an evidentiary hearing if necessary, before appointing the viewers and assigning them to do their work of quantifying an award. If the municipality were to be permitted to go before the viewers without resolution of the threshold questions and then to seek to raise

them again on appeal from the viewers, such an approach would defeat the scheme and purpose of the Code's special procedure.

That exclusivity of Eminent Domain Code preliminary objections as the municipality's mode of defense is not weakened by the use of the word "may" in section 504 of the Code, stating that "[a]ny objection" to the appointment of viewers "may" be raised by preliminary objections. The word "may" there imports contingency, not option or permissiveness; it acknowledges that a defending agency may or may not file preliminary objections but, as this court has now held several times, its effect is that "any"—that is, all—entitlement defenses must be raised by that mode. Where the logical context of a statute requires it, the word "may" can have mandatory import. *Hotel Casey v. Ross,* 343 Pa. 573, 579, 23 A.2d 737, 740 (1942); *Melnick v. Melnick,* 147 Pa. Superior Ct. 564, 25 A.2d 111 (1942).

The trial court's earlier dismissal of the landowners' separate trespass action, upon demurrer, with the per curiam order of the court identifying eminent domain proceedings as the proper remedy, is not a controlling factor in this case. The dismissal of that trespass action provided no basis for the landowners to argue to the viewers (as they did) that the court had affirmatively adjudicated the existence of their easement interest, nor for the township to argue (as it did) that the court thereby "misled" the parties. Obviously, the dismissal of the trespass action upon demurrer was based upon a proper judicial assumption of the truth of the averments concerning the existence of a right-of-way interest, as stated in the trespass complaint; there was no factual or legal adjudication of easement title interest at that juncture.

The interlocutory order will be affirmed.

404

Now, October 3, 1984, the order of the Court of Common Pleas of Washington County, dated October 17, 1983, is affirmed.