Albert Nardi, Petitioner *v.* Delaware River Port Authority, Respondent.

Argued December 13, 1984, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Kenneth E. Aaron,* for petitioner.

*Wayne A. Schaible,* with him, *Roland Morris, Duane, Morris & Heckscher,* for respondent.

OPINION BY JUDGE DOYLE, April 11, 1985:

Albert Nardi (Petitioner) was injured on May 20, 1979 in the course of his employment as a member of the Delaware River Port Authority (Authority) Police. In addition to receiving workmen's compensation benefits, Petitioner received from the Authority the difference between his regular pay and his benefits for a period of twenty-six weeks pursuant

to a collective bargaining agreement between the Authority and Petitioner's union, Lodge 30 of the Fraternal Order of Police. Following termination of this twenty-six week period, Petitioner requsted additional benefits pursuant to the Pennsylvania Enforcement Officers Disability Benefits Law (Pennsylvania Benefits Law),[1] the provisions of which would ostensibly allow him to receive his full pay until his disability ceased. This request was denied by the Authority by letter dated January 21, 1980. Petitioner then petitioned for review in the Philadelphia Court of Common Pleas, and on July 11, 1983, his petition was dismissed.

The Delaware River Port Authority was created by interstate compact between the Commonwealth of Pennsylvania and the State of New Jersey for the purpose of developing and maintaining bridges and port facilities between the two states.[2] Rather than an agency of a single state, it is a public corporate instrumentality of both Pennsylvania and New Jersey. *Yancoskie v. Delaware River Port Authority,* 478 Pa. 396, 387 A.2d 41 (1978); *Bell v. Bell,* 83 N.J. 417, 416 A.2d 829 (1980). It follows that neither creator state can unilaterally impose additional duties, powers or responsibilities upon the Authority. *See C. T. Hellmuth & Associates, Inc. v. Washington Metropolitan Area Transit Authority,* 414 F. Supp. 408 (D. Md. 1976); *Bell v. Bell.*

---

[1] Act of June 28. 1935, P.L. 477, *as amended,* 53 P.S. §§637, 638. The Pennsylvania Benefits Law was amended in 1961 to add the Delaware River Port Authority Police to the various Pennsylvania law enforcement and quasi-enforcement officers already provided for under the 1935 Act.

[2] Section 1 of the Act of June 12, 1931, P.L. 575, *as amended,* 36 P.S. §3503, and N.J. Stat. Ann., §32:3-1 to 32:3-18. The Authority was originally entitled the Delaware River Joint Commission and was renamed by Section 1 of the Act of July 18, 1951, P.L. 1010.

Among the powers specifically granted to the Authority by the interstate compact is the ability "[t]o appoint, hire or employ counsel and such other officers, and such agents and employes, as it may require for the performance of its duties, by contract or otherwise, and fix and determine their qualifications, duties and compensation. . . ."[3] The compact further provides that the Authority "shall also have such additional powers as may hereafter be delegated to or imposed upon it from time to time by the action of either State concurred in by legislation of the other."[4]

Petitioner concedes that the Pennsylvania legislature cannot unilaterally impose a duty to pay disability benefits upon the Authority. He is, therefore, requesting that he receive benefits only for a period of one calendar year, contending that the New Jersey legislature has concurred to this extent by passing legislation which is substantially similar to the Pennsylvania Benefits Law.

The Pennsylvania Benefits Law provides, in pertinent part:

[A]ny member of the Delaware River Port Authority Police . . . who is injured in the performance of his duties . . . and by reason thereof is temporarily incapacitated from performing his duties, shall be paid . . . by the Delaware River Port Authority . . . his full rate of salary . . . until the disability arising therefrom has ceased.[5]

---

[3] 36 P.S. §3503, Article IV(e).

[4] 36 P.S. §3503, Article IV.

[5] Section 1(a) of the Pennsylvania Benefits Law, 53 P.S. §637 (a). The law provides further that medical and hospital bills are to be paid by the Authority and that compensation for temporary incapacity is to be offset by workmen's compensation payments.

The New Jersey Act concerning employees of the Delaware River Port Authority injured in the performance of their duty (New Jersey Act),[6] provides in pertinent part:

> Whenever any employee of the Delaware River Port Authority is absent from his post of duty as a result of a personal injury caused by an accident arising out of and in the course of his employment, the port authority *may* pay to such employee his full salary or wages for the period of such absence up to 1 calendar year without having such absence charged to the annual sick leave or the accumulated sick leave to which such employee may also be entitled as an employee of the port authority.[7] (Emphasis added.)

Petitioner argues that the word "may" in the New Jersey Act should be interpreted to mean "shall", thus making it mandatory upon the Authority to pay him benefits for the entire length of his absence, or for a full year (whichever is the shorter period of time). Since under the terms of the compact the Authority always had the power to confer

---

[6] N.J. Stat. Ann. §32:3A-1. The New Jersey Act also provides for reduction of payments by workmen's compensation awards made for temporary disability.

[7] Section 2 of the Act of July 25, 1961, P.L. 259. adding the Delaware River Port Authority Police to the Pennsylvania Benefits Law, provided that:

> This act shall take effect upon the passage of substantially similar legislation by the State of New Jersey.

N.J. Stat. Ann. §32.3A-2, which was enacted in 1962, provides:

> This act shall take effect upon the enactment of substantially similar legislation by the Commonwealth of Pennsylvania or, *if* such legislation shall already have been enacted, this act shall take effect immediately. (Emphasis added.)

benefits upon its employees if it chose to do so, Petitioner reasons that the New Jersey legislature must have intended to impose some *additional* burden by enacting a separate statute specifically dealing with the compensation of employees injured in the line of duty.

We do not find this argument to be persuasive. Petitioner is correct in his assertion that Pennsylvania courts have sometimes interpreted the word "may" in a mandatory sense. *See Carroll Township v. Jones,* 85 Pa. Commonwealth Ct. 400, 481 A.2d 1260 (1984).[8] The rule has been stated that "where a statute directs the doing of a thing for the sake of justice, the word 'may' means the same thing as the word 'shall'." *Hotel Casey Co. v. Ross,* 343 Pa. 573, 579, 23 A.2d 737, 740 (1942). Thus, "courts not infrequently construe 'may' as 'shall' or 'must' to the end that justice may not be the slave of grammar." Black's Law Dictionary 1131 (Rev. 4th ed. 1968).

As this Court has also stated, however, "[w]hether a particular statute is mandatory or directory does not depend upon its form but upon the intention of the legislature." *Crossley Appeal,* 60 Pa. Commonwealth Ct. 351, 354, 432 A.2d 263, 264 (1981). We believe, therefore, that where a statute is unambiguously phrased in permissive terms, it should be interpreted as mandatory *only* in the presence of some clear indication that the legislature intended it to be so construed.

---

[8] In *Carroll Township,* this Court interpreted the word "may" in Section 504 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-504, as imparting contingency, rather than option or permissiveness. Judge CRAIG stated that "[w]here the logical context of a statute requires it, the word 'may' can have mandatory import." 85 Pa. Commonwealth Ct. at 403, 481 A.2d at 1261.

There is no such indication in the present case. The New Jersey Act is entitled "[a]n Act *concerning* employees of the Delaware River Port Authority injured in the performance of their duty." (Emphasis added.) Had the word "concerning" been replaced with the word "benefitting" our conclusion may have . differed. Furthermore, there is on the face of the statute itself an indication that the New Jersey legislature did *not* intend to grant an additional benefit to the employees of the Authority, but, on the contrary, intended to impose a *limitation* on the power already possessed by the Authority to provide benefits to its employees. If the New Jersey Act were to be given any effect at all, even as a permissive provision, it would restrict to a period of one year the Authority's ability to grant special compensation to employees who are disabled in the course of their employment.[9] The Pennsylvania legislature has demonstrated that it does not concur with such a limitation by specifically providing that benefits are to be granted until an employee's disability has ceased.[10]

---

[9] We must conclude that the New Jersey legislature, by indicating that benefits may be granted for up to one year, also intended to imply the reverse, *i.e.*, that benefits may *not* be granted for a longer period of time. Any other interpretation would render the clause superfluous.

[10] The court of common pleas observed that additional distinguishing features between these two statutes further prevented them from being "substantially similar" legislative acts. As noted above, the Pennsylvania Benefits Law provides for additional benefits not contemplated under the New Jersey Act. The latter also applies to *all* employees of the Authority, while the former extends benefits only to members of the Port Authority Police.

Although these differences add weight to our conclusion that the statutes are *not* substantially similar, we do not mean to imply that *identical* legislation would be required to give effect to the intent of the legislatures if it were clear that such intent was to confer a benefit on the employees of the Authority.

We find, then, that the Pennsylvania statute must be denied effect as a unilateral legislative act imposing an additional burden on the Authority, and the New Jersey statute must also be denied effect as a unilateral legislative act restricting a power already possessed by the Authority.

In the absence of the applicability of either of these statutes, the Authority has the power but not the duty to confer special compensation on its employees who have been injured in the course of their employment. The record reveals that the fixing of such compensation was the subject of collective bargaining between the Authority and the Petitioner's union. Union negotiations have resulted in an agreement that patrolmen who are disabled in the course of their employment are to be granted twenty-six weeks special compensation. We see no impediment, as the legislation is now written, for future contract negotiators to bargain for disability salary benefits exceeding not only the twenty-six week limitation now provided, but exceeding as well the *unilateral* one year limitation imposed under the New Jersey statute.[11] Having now complied with its present agreement, however, the Authority is required to do no more.

We affirm the decision of the court of common pleas.

### Order

Now, April 11, 1985, the decision of the Court of Common Pleas of Philadelphia County, No. 2555,

---

[11] By leaving the subject to future collective bargaining, we at least preserve the possibility that the Authority may at some point be persuaded to grant special compensation for a period of one year *or* for an even longer period of time. The New Jersey legislature is, of course, always free to amend its statute to reflect agreement with the clearly stated intention of the Pennsylvania legislature.

February Term, 1980, dated July 11, 1983, is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.