In Re: The Taking by Eminent Domain of a Portion of Property in and Through Certain Property Owned by the Bethany Congregation of the Presbyterian Church of Bridgeville Located in the Borough of Bridgeville, Allegheny County, Pennsylvania. The Bethany Congregation of the Presbyterian Church of Bridgeville, Appellant.

Argued May 10, 1985, before Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Wiley A. Bucey, Jr., Bucey, McFerran & Junker,* for appellant.

*Richard A. Ferris, Ferris, DiPaolo & Russo,* for appellee, Borough of Bridgeville.

Opinion by Judge Blatt, October 8, 1985:

The Bethany Congregation of the Presbyterian Church of Bridgeville (Church) appeals from the order of the Court of Common Pleas of Allegheny County dismissing the Church's preliminary objections to the declaration of taking filed by the Borough of Bridgeville (Borough). The Borough con-

demned a strip of land owned by the Church for the purpose of widening Washington Avenue within the Borough.

The Church's preliminary objections are seven in number and were considered by the common pleas court (trial court) in two separate stages. At the initial stage of the trial court proceedings, Judge Silvestri analyzed the first preliminary objection concerning the power of the Borough to condemn property for the purpose of widening a street which also is a state highway, Legislative Route 108. Judge Silvestri deferred his final order on the first preliminary objection until he received and considered the depositions which he had ordered in regard to the remaining preliminary objections. He then issued the final order from which this appeal is taken, dismissing all seven of the preliminary objections.

The sole question raised by the Church before us is whether or not the trial court correctly interpreted the relevant statutes in dismissing the first preliminary objection.[1] Of course, in an appeal from the dismissal of preliminary objections to a declaration of taking, our scope of review is limited to determining whether or not the trial court abused its discretion or committed an error of law in reaching its conclusions; we do not determine whether or not we would have reached the same conclusions, but rather whether or not the record contains sufficient competent evidence to support the trial court's conclusions.

---

[1] The Church's framing of the Statement of the Question Involved in its brief on appeal and its interpretation of the trial court's answer thereto seems to us to be an exercise in semantics. Nonetheless, we read the Statement of the Question Involved as being sufficient under Pa. R.A.P. 2116(a). Furthermore, inasmuch as no challenges are raised by the Church to the dismissal of the remaining preliminary objections in the Statement of Questions Involved, we consider such issues to be waived. *Id.*

*Riehl v. Millcreek Township Sewer Authority,* 26 Pa. Commonwealth Ct. 70, 362 A.2d 478 (1976).

Our review of the briefs of the parties, the record and the opinion[2] of the trial court convinces us that the interpretation and holding of that court correctly disposed of this issue. We will, therefore, affirm that court's order dated August 14, 1984, on the basis of the thorough and well-reasoned opinion authored by Judge SILVESTRI SILVESTRI, dated July 6, 1984, reported at      Pa. D. & C. 3d      (      ).

### ORDER

AND Now, this 8th day of October, 1985, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter, dated August 14, 1984, is affirmed.

---

[2] As we noted, the trial court proceedings were bifurcated and resulted in two opinions and one final order. We are concerned here solely with the opinion of Judge SILVESTRI, dated July 6, 1984, and will not discuss the second opinion, dated August 14, 1984. *See* note 1.