**Brian Kevin BERGEN**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 24, 2001.

Decided Oct. 19, 2001.

Terrance M. Edwards and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Roger B. Reynolds, Jr., Norristown, for appellee.

Before SMITH, Judge, KELLEY, Judge and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

The Department of Transportation, Bureau of Driver's Licensing (Department) appeals from the March 28, 2001 order of the Court of Common Pleas of Montgomery County (trial court) that sustained the statutory appeal of Brian Kevin Bergen (Licensee) from the Department's one-year suspension of Licensee's operating privilege imposed pursuant to the Driver's License Compact (Compact) (suspension of Pennsylvania operating privilege following a conviction for driving under the influence of alcohol or "substantially similar" offense in a state which is a party to the Compact).[1] The issue on appeal is whether the trial court erred in ruling that a report of conviction submitted to the Department pur-

---

1. Section 1581 of the Vehicle Code, 75 Pa.    C.S. § 1581.

suant to the Compact had to be certified by the submitting state.[2] For the reasons that follow, we reverse and remand.

By official notice, dated and mailed September 27, 2000, the Department notified Licensee that it was suspending his operating privilege for one year due to his September 27, 1999 conviction in New Jersey for driving under the influence of liquor or drugs on July 19, 1999 in violation of N.J.S.A. § 39:4 50(a). On October 17, 2000, Licensee filed a timely appeal of the suspension with the trial court.

On March 19, 2001, the trial court conducted a *de novo* hearing at which time the Department offered into evidence Commonwealth's Exhibit C 1 in an attempt to establish grounds for its one-year suspension of Licensee's operating privilege. Exhibit C–1 was a packet of documents signed and sealed by the Secretary of Transportation and the Director of Driver Licensing and certified in accordance with Sections 6103 and 6109 of the Judicial Code[3] and Sections 1516(b) and 1550(d)(1) of the Vehicle Code.[4]

Licensee objected to the admission of Exhibit C 1, arguing that the report of conviction the New Jersey Division of Motor Vehicles submitted to the Department had to be certified in accordance with Section 1532(b)(3) of the Vehicle Code.[5] After further argument, the trial court took the matter under advisement.

Ultimately, the trial court entered a March 28, 2001 order sustaining Licensee's statutory appeal. In a May 14, 2001 opinion in support of its order, the trial court determined that the Department had to receive a *certified* record of the New Jer-

sey conviction from that state in order to suspend Licensee's operating privilege in Pennsylvania. The Department's timely appeal to this Court is now before us.

I

The Department argues that the trial court erred in determining that it had to offer into evidence a record of Licensee's New Jersey conviction certified by someone in New Jersey. It contends that the proffered Exhibit C–1 was sufficient to satisfy its *prima facie* case. That exhibit contained (1) a copy of the Department's official notice of suspension; (2) a copy of the notice of Licensee's conviction sent to the Department by the licensing authority of New Jersey; and (3) copies of documents reflecting Licensee's driving history.

In support of the sufficiency of Exhibit C–1, the Department notes that the Director of the Bureau of Driver Licensing certified each of the documents as a "full, true and correct certified photostatic copy." (R.R. 40a.) In addition, the Secretary of Transportation certified that the Director "is the legal custodian of the Driver License records of the Pennsylvania Department of Transportation" and that "she has legal custody of the original or microfilm records which are reproduced in the attached certification." (*Id.*)

Sections 6103(a) and 6109(b) of the Judicial Code, two of the statutory sections cited on the face of Exhibit C–1, provide as follows:

**§ 6103. Proof of Official records**

(a) **General rule.**—An official record kept within this Commonwealth by any

---

**2.** Because this case presents a pure question of law, this Court's review on appeal is plenary. *Department of Transportation v. McCafferty,* 563 Pa. 146, 758 A.2d 1155 (2000).

**3.** 42 Pa.C.S. §§ 6103 and 6109.

**4.** 75 Pa.C.S. §§ 1516(b) and 1550(d)(1).

**5.** 75 Pa.C.S. § 1532(b)(3).

... government unit, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by any public officer having a seal of office and having official duties with respect to the government unit in which the record is kept, authenticated by the seal of his office. . . .

. . . .

§ 6109. Photographic copies of business and public records

(b) General rule.—If any ... department or agency of government, in the regular course of business or activity, has kept or recorded any memorandum, writing, entry, print, representation, or combination thereof, of any act, transaction, occurrence or event, and in the regular course of business has caused any or all of the same to be recorded, copied or reproduced by any ... process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed, in the regular course of business, unless its preservation is required by law. . . . Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding, whether the original is in existence or not. . . .

42 Pa.C.S. §§ 6103(a) and 6109(b).

Section 1550(d)(1) of the Vehicle Code covers the situation where the Department receives documents from another state:

(d) **Out of State Documentation.**—

(1) In any proceeding under this section, documents received by the department from the courts or administrative bodies of other states ... shall be admissible into evidence to support the department's case. In addition, the department may treat the received documents as documents of the department and use any of the methods of storage permitted under the provisions of 42 Pa.C.S. § 6109 (relating to photographic copies of business and public records) and may reproduce such documents in accordance with the provisions of 42 Pa. C.S. § 6103 (relating to proof of official records). *In addition, if the department receives information from courts or administrative bodies of other states ... by means of electronic transmission, it may certify that it has received the information by means of electronic transmission and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission.*

75 Pa.C.S. § 1550(d)(1) (emphasis added).

The Department maintains that it prepared the notice of suspension it sent to Licensee and the records reflecting his driving history in the normal course of business. 42 Pa.C.S. § 6109. Further, it contends that the licensing authority of New Jersey properly submitted to the Department the report of Licensee's conviction pursuant to Article III of the Compact and N.J.S.A. § 39:5D–3. Article III provides as follows:

The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was the result of the forfeiture of bail, bond or other security and shall include any

special findings made in connection therewith. 75 Pa.C.S. § 1581, Article III. Thus, the Department contends that the report of the New Jersey conviction became a record of the Department and should have been admissible into evidence to support its case in chief under 75 Pa.C.S. § 1550(d)(1). *Hoover v. Department of Transportation, Bureau of Driver Licensing,* 725 A.2d 1254 (Pa.Cmwlth.1999), *appeal dismissed,* 560 Pa. 555, 746 A.2d 1116 (2000).

■ The Department acknowledges that the Director's certification does not create an irrebutable or conclusive presumption of the facts to which she provided certification. Rather, her certification is only *prima facie* proof that creates a rebuttable presumption of correctness. *Richards v. Department of Transportation, Bureau of Driver Licensing,* 767 A.2d 1133 (Pa. Cmwlth.2001). Accordingly, the Department contends that the proffered Exhibit C–1 was sufficient to meet its initial burden of proof and that the burden then should have shifted to Licensee to present evidence to rebut the presumption of correctness that was raised by the certified records. *Catanzarite v. Department of Transportation, Bureau of Driver Licensing,* 765 A.2d 1178 (Pa.Cmwlth.), *appeal dismissed,* —— Pa. ——, 782 A.2d 549 (2001). If Licensee would have been unable to produce clear and convincing evidence to rebut the presumption, then the presumption of correctness raised by the Department's records would have become conclusive. *Richards.*

The Department further argues that it is clear from construing the applicable sections that the General Assembly did not intend that a record of conviction from another compact-party state had to be certified by the submitting state. It notes that such a requirement would negate the allowance of submitting such reports by means of electronic submission.

In *Koterba v. Department of Transportation, Bureau of Driver Licensing,* 736 A.2d 761 (Pa.Cmwlth.1999), *appeal dismissed,* 561 Pa. 703, 751 A.2d 195, *cert. denied,* 531 U.S. 816, 121 S.Ct. 53, 148 L.Ed.2d 21 (2000), the Department suspended Koterba's operating privilege for one year after receiving notice via electronic transmission from New Jersey that he had been convicted in that state of driving while under the influence. The Department notes that the certified copy of the New Jersey conviction report was certified under seal by the Secretary and the Director and not by any court or state official in New Jersey. This Court concluded that "under Section 1550(d) and *Mackall* [*v. Department of Transportation, Bureau of Driver Licensing,* 680 A.2d 31 (Pa.Cmwlth.1996) ], the trial court properly admitted the report, and the unrebutted certifications of the Secretary and Director constitute proof of Koterba's New Jersey conviction." *Koterba,* 736 A.2d at 767.

In addition, the Department rejects the trial court's conclusion that the General Assembly in amending Section 1532 of the Vehicle Code, 75 Pa.C.S. § 1532, in 1998 intended to establish a requirement that reports of conviction submitted under the Compact be certified by someone in the submitting state.[6] It contends that the legislature merely added a fourth basis for a twelve-month suspension into an existing statute, without otherwise changing it.

---

6. Section 1532 was amended by Section 14 of the Act of December 21, 1998, P.L. 1126, No.

151.

Section 1532(b)(3) of the Vehicle Code, which was amended in 1998 as per the emphasis, provides in relevant part:

**(b) Suspension.—**

. . . .

(3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer), **or substantially similar offenses reported to the department under Article III of section 1581 (relating to Driver's License Compact)** or an adjudication of delinquency based on section 3731 or 3733.

The Department points out that nothing in Article III of the Compact requires that the report of conviction submitted to another state be certified. Further, to any extent that Section 1532(b)(3) of the Vehicle Code appears to add that requirement, the Department maintains that the additional requirement would constitute an improper, unilateral amendment of an interstate compact, not consented to by the other compact-party states. *See McComb v. Wambaugh,* 934 F.2d 474 (3d Cir.1991); *Nardi v. Delaware River Port Auth.,* 88 Pa.Cmwlth. 558, 490 A.2d 949 (1985). The Department also points out that it is presumed that the General Assembly did not intend a result that is absurd, *impossible of execution* or unreasonable. Section 1922(1) of the Statutory Construction Act of 1972 (Statutory Construction Act), 1 Pa.C.S. § 1922(1).

Moreover, the Department contends that the 1998 amendments to the Vehicle Code were designed to increase Pennsylvania's participation as a party state to the Compact. For example, Section 1584 was amended to provide that "[t]he omission from any report received by the Depart-ment from a party state of any information required by Article III of the Compact shall not excuse or prevent the Department from complying with its duties under Articles IV and V of the Compact." 75 Pa.C.S. § 1584. In addition, Section 1586 was added to broaden the scope of out-of-state impaired driving offenses that Pennsylvania would consider as being "substantially similar." Thus, the Department argues that Section 1532(b)(3) was not amended with the intention of restricting the Department's ability or duty to suspend drivers' operating privileges reported to it by party states to the Compact.

## II

Licensee rejects the Department's argument that under Section 1550(d) of the Vehicle Code, submission of a certified record of conviction was not required. Licensee notes that the Department in its notice of suspension stated that it was suspending his license pursuant to Section 1532 of the Vehicle Code and that that section requires a certified record of conviction. Thus, he. argues that New Jersey's electronic transmission was immaterial, as it contained no information as to the Department's receipt of any certified record of conviction.

Licensee notes the trial court's observation that the Compact does not set forth what provisions the home states are to follow once they receive convictions from the reporting states and that such decisions are within the purview of the legislatures of the respective home states' legislatures. To that end, Licensee argues that the newly amended Section 1532(b)(3) did no more than comply with Article IV of the Compact by giving the same effect to conduct reported pursuant to Article III of the Compact as it would if such conduct occurred in Pennsylvania.

Article IV, entitled Effect of Conviction, provides in pertinent part as follows:

(a) The licensing authority in the home state, for purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

. . . .

(2) driving a motor vehicle under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.

75 Pa.C.S. § 1581, Article IV.

Accordingly, Licensee argues that because conduct that occurred in Pennsylvania would require a certified record of conviction, so would conduct that occurred in a party state to the Compact. *See also McCafferty*, 563 Pa. at 146, 758 A.2d at 1160 ("Section 1581 does not in itself authorize the suspension of a driver's license; instead, it merely directs the licensing state to treat the conduct underlying the out-of-state conviction as if it were conduct that occurred in the licensing state for purposes of a license suspension.") Licensee maintains that there is no reason to believe that the General Assembly would require less of the Department in Compact suspension cases than was already required in Pennsylvania suspension cases. Otherwise, Licensee maintains that there would have been no reason for the General Assembly to include in the newly amended Section 1532(b)(3) the phrase "substantially similar offense reported to the department under Article III of section 1581 (relating to Driver's License Compact)."

Licensee points out that, prior to the 1998 amendments to the Vehicle Code, this Court found the requirements of Article III to be mandatory. Article III enumerates what a report from a party state shall include in order for Pennsylvania to recognize it. *See Staples v. Department of Transportation, Bureau of Driver Licensing*, 718 A.2d 892 (Pa.Cmwlth.1998), *appeal dismissed*, 558 Pa. 635, 737 A.2d 1228 (1999). Licensee concedes that by virtue of the newly amended Section 1584, the General Assembly nullified the requirement that a reporting state would have to strictly comply with the requirements of Article III before the Department could suspend a driver's operating privilege. Licensee points out, however, that the General Assembly in 1998 also amended Section 1532(b)(3) to include another basis for a twelve-month suspension. Licensee argues that, by adopting that amendment, the General Assembly now placed the obligation to obtain the information set forth in Article III on the Department whereas previously it was the obligation of the reporting state to provide it to the Department.

Specifically, Licensee maintains that the certified record of the driver's conviction that is now required would supply any information set forth in Article III, which was not stated in the report from the foreign state. Licensee alleges that the amendment places the impetus on the Department to obtain a certified record of a driver's conviction in a compact state *before* suspending his operating privilege in Pennsylvania.

Further, Licensee maintains that the certification requirement for convictions is consistent through Pennsylvania law. *See e.g.s* Section 1532(c) of the Vehicle Code, 75 Pa.C.S. § 1532(c) (certified record of drug conviction necessary to sustain the Department's suspension of operating privilege); Sections 306 and 306.2 of the

Bingo Law[7] and Section 322 of the Local Option Small Games of Chance Act[8] (revocation of bingo licenses or permits and small games of chance licenses proper upon receipt of certified record of conviction); Section 7514 of the Crimes Code, 18 Pa.C.S. § 7514 (revocation of operating privilege upon receipt of certified record of conviction for violating provisions for ignition interlock systems); Section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543 (revocation of operating privilege upon receipt of certified record of conviction for driving while operating privilege suspended or revoked); Section 1553 of the Vehicle Code, 75 Pa.C.S. § 1553 (recall of occupational limited license upon receipt of certified record of conviction for violating conditions of issuance or restrictions on license).

Moreover, Licensee points out that Section 1611 of the Vehicle Code, which disqualifies persons from driving a commercial vehicle, requires a certified copy of convictions of certain offenses:

(h) Convictions in Federal Court or another state.-For purposes of the provisions of this section, a copy of a certified record of conviction or a copy of a certified record of administrative adjudication from a Federal court or another state for an offense essentially similar to those offenses which would result in disqualification in this section shall be treated by the department as if the conviction had occurred in this Commonwealth.

75 Pa.C.S. § 1611.

Further, Licensee cites Section 6501 of the Vehicle Code, which contains the definition of "certified record of convicitons:"

For the purpose of this title, a certified record of conviction includes a certified record of conviction from any Federal or state court and a certified record of administrative adjudication from any state. The record or copies of these records shall be admissible in any court of law without any need for further documentation.

75 Pa.C.S. § 6501. Licensee argues that to permit a non-certified document in a license suspension proceeding would be contrary to Section 6501 which allows only certified records of convictions to be admitted without further documentation.

Licensee additionally cites the Statutory Construction Act in support of his argument that the trial court correctly determined that a certified record of conviction from New Jersey was required. In this regard, Licensee first maintains that Section 1532(b)(3) is free from ambiguity: "The department shall suspend the operating privilege of a driver for 12 months upon receiving a certified record of the driver's conviction of ... substantially similar offense reported to the department under Article III...." Section 1921(b) of the Statutory Construction Act, 1 Pa.C.S. § 1921(b) ("when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.") Licensee queries why the General Assembly would have required the Department to receive a certified record of conviction after an offense was reported to it, if the report constituted a certified record. He contends that, if this Court accepted the Department's interpretation of Section 1532(b)(3), then there would have been no need for the legislature to amend that section.

In addition, Licensee notes those provisions of the Statutory Construction Act providing that the object of interpreting

**7.** Act of July 10, 1981, P.L. 214, *as amended,* 10 P.S. §§ 306 and 306.2.

**8.** Act of December 19, 1988, P.L. 1262, *as amended,* 10 P.s. § 322.

and construing a statute is to ascertain the legislature's intent and that every statute should be construed if possible to give effect to all of its provisions. 1 Pa.C.S. § 1921. Further, he notes those provisions providing that statutes *in pari materia* shall be construed together if possible as one statute and that the legislature intended the entire statute to be effective and certain. Sections 1932 and 1922 of the Statutory Construction Act, 1 Pa.C.S. §§ 1932 and 1922. To that end, Licensee contends that Sections 1532(b)(3) (suspension for twelve months upon receipt of certified conviction of substantially similar offense) and 1534 (omission from out-of-state report shall not excuse the Department from its duties under the Compact) can only be read together to mean that a certified record of conviction is required.

### III

■ Having carefully considered the parties' arguments, we conclude that the trial court erred in sustaining Licensee's statutory appeal. The General Assembly in Section 1532(b)(3) refers the reader back to Article III for substantially similar offenses. It does not create a new requirement to have convictions under the Compact be certified by the submitting state. Instead, it makes "substantially similar offenses reported to the department under Article III" a basis for a twelve-month suspension in Pennsylvania. To reiterate, Section 1532(b)(3) provides that

> [t]he department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under influence of alcohol or controlled substance) or 3733 (relating to fleeing or attempting to elude police officer), **or substantially similar offenses reported to the department under Article III of section**

**1581 (relating to Driver's License Compact)** or an adjudication of delinquency based on section 3731 or 3733....

We also consider *Tripson v. Department of Transportation, Bureau of Driver Licensing*, 773 A.2d 195 (Pa.Cmwlth.2001), which the trial court attached to its opinion in support of its order. In *Tripson*, the Department attempted to offer into evidence a West Virginia abstract of judgment and criminal case history of a conviction that indicated that they came from a district magistrate's office rather than that state's licensing authority. This Court agreed with the licensee that the Department could not certify the identity of the administrative body of another state from which it received records where the documents from that licensing authority contained no such certification. We conclude, however, that *Tripson* is inapposite.

■ This Court in *Tripson* did not hold that Section 1532(b)(3) requires that an out-of-state conviction be certified by the submitting state. This Court merely stated that "[t]he Department may not certify that the documents are reports of convictions from other jurisdictions' licensing authorities if the documents themselves contain no such certification from the reporting jurisdiction." *Id.* at 197. In the present case, the document at issue, entitled "Out of State Driver Violations Report," indicates that it originated with the State of New Jersey, Division of Motor Vehicles. (R.R. 43a.) Unlike the situation in *Tripson*, there is no indication that it is not from the actual licensing authority.

■ Further, we agree with the Department that Licensee's construction of the Vehicle Code would negate electronic transmissions. The Vehicle Code clearly permits electronic submissions from other

states to support Pennsylvania license suspensions. *Koterba.*

Finally, as Licensee stated in his brief, if this Court decided to reverse the trial court's order, then a remand is appropriate. Here, we remand the matter with directions to the trial court to consider the issues Licensee preserved in his appeal to the trial court.[9]

KELLEY, Judge, dissents.

### ORDER

AND NOW, this 19th day of October, 2001, the March 28, 2001 order of the Court of Common Pleas of Montgomery County is hereby reversed and remanded for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

**9.** In his statutory appeal, Licensee alleged that he was prejudiced by unreasonable delay attributable to the Department (New Jersey conviction-September 27, 1999; Pennsylvania notice of suspension-September 27, 2000). (R.R. 3a.)