Jones Motors, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Dollie Moyer, Widow of Richard Moyer, Deceased, Respondents.

Submitted on briefs March 10, 1980, to Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*John R. Lenahan, Jr., Lenahan, Dempsey, Murphy & Piazza,* for petitioner.

*Frederick W. Alcaro, Krohn & Hoegen,* for respondents.

OPINION BY JUDGE MENCER, May 7, 1980:

Section 307 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §562, after directing the payment of benefits to widows, widowers and other dependents and the cessation of benefits to dependents who should remarry, provides:

> Provided, however, That if, upon investigation and hearing, it shall be ascertained that the widow or widower is living with a man or woman, as the case may be, in meretricious relationship and not married, or the widow living a life of prostitution, the board may order the termination of compensation payable to such widow or widower. If the compensation payable under this section to any person shall, for any cause, cease, the compensation to the remaining persons entitled thereunder shall thereafter be the same as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased.

The present appeal raises the single issue as to whether the quoted portion of Section 307 and a find-

ing that a widow entered into a meretricious relationship permits a suspension, in lieu of a complete and permanent cessation, of benefits where the meretricious relationship has ended.

The husband of Dollie Moyer (widow) was killed in a work-related accident, and she was receiving workmen's compensation death benefits for herself and on behalf of her minor daughter. On March 13, 1978, Jones Motors (employer) filed a petition for termination of the widow's compensation, in which it was alleged that Dollie Moyer was "living with a man, not her husband, in a meretricious relationship."

A referee, after hearing, concluded as a matter of law that the widow here had lived in a meretricious relationship with a man, not her husband, during the period of time from July 1, 1977 to June 1, 1978 but that she terminated the relationship as of June 2, 1978. Therefore, the referee recommended to the Workmen's Compensation Appeal Board (Board) that the widow's compensation payments be suspended for the period July 1, 1977 to June 1, 1978, inclusive, and be reinstated as of June 2, 1978. The Board, on March 29, 1979, adopted the recommendation of the referee and dismissed the appeal of the employer.

The Board stated that it was guided in reaching its decision by our case of *Workmen's Compensation Appeal Board v. Worley*, 23 Pa. Commonwealth Ct. 357, 352 A.2d 240 (1976). In *Worley*, we held that a woman who lived with a man who was married to another woman, bore his child, rendered support to him, and received support from him was involved in a meretricious relationship and could be disqualified from receipt of workmen's compensation widow's benefits. In the final paragraph of our *Worley* opinion, we stated:

> The appellant's final argument is that the Board abused the discretion conferred on it by

Section 307's use of the phrase 'the board may order . . . termination.' We disagree. Whatever equities exist in the appellant's case were recognized by the Board's action of suspending rather than terminating benefits—an action not contested by the employer.

23 Pa. Commonwealth Ct. at 361, 352 A.2d at 242.

The significant aspect, relative to the instant appeal, is that in *Worley* the employer did not contest or challenge the Board's action of suspending rather than terminating benefits, whereas here the employer directly challenges such action by the Board.

Consequently, we must determine what the legislature intended when it provided the Board the power to "order the termination of compensation" payable to a widow when it was ascertained that the widow was living with a man in a meretricious relationship. The key word to be dealt with is "termination."

We have no doubt that the word "termination" connotes finality. The word "terminate" means to put an end to, to make to cease, to have its end. "Termination" signifies a conclusion or cessation, and its meaning is not interchangeable with "suspend." It seems apparent that the legislature, by the wording of Section 307, provided, as a requirement for the continuation of compensation benefits to a widow, that she forego any meretricious relationship and not live a life of prostitution. A contrary reading of Section 307 would tend to encourage behavior which would not likely be acceptable or countenanced by the legislature.

Accordingly, we conclude that the Board had the power to put an end to the compensation payable to the widow in the instant case but it did not have the power to merely suspend the compensation being paid her during the period of the meretricious relationship established by this record.

Therefore, we make the following

ORDER

AND Now, this 7th day of May, 1980, that portion of the order of the Workmen's Compensation Appeal Board, dated March 29, 1979, adopting the recommendation of Referee Donlan to reinstate compensation payments beginning June 2, 1978 to Dollie Moyer and directing Jones Motors' insurance carrier to forward directly to Peter J. Hoegen, Jr., Esq., 20 percent of each week's compensation installment due Dollie Moyer until $450 is paid, is hereby reversed and the balance of said order is hereby affirmed.