Sandra K. Nevius, Widow of Lester Nevius, Deceased, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and I. Reindollar and Sons, Inc., Respondents.

Argued April 9, 1980, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*John S. Davidson,* with him *Jon A. Yost, Pannebaker, Yost & Davidson,* for petitioner.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for respondent.

OPINION BY JUDGE MENCER, June 27, 1980:

Sandra K. Nevius (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which modified a referee's decision terminating benefits to claimant pursuant to Section 307 of The

Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §562. Section 307 provides, in pertinent part, that "if, upon investigation and hearing, it shall be ascertained that the widow or widower is living with a man or woman, as the case may be, in meretricious relationship and not married . . . , the board may order the termination of compensation payable to such widow or widower." We affirm.

The facts are not disputed. On October 4, 1974, claimant's husband died as a result of injuries sustained in a work-related accident, and claimant was awarded death benefits. In the spring of 1976, claimant began living with one Larry Arnold, a single male. The couple shared housekeeping, grocery shopping, cooking, and the like, and claimant has acknowledged that the relationship is carnal.

On June 28, 1976, I. Reindollar and Sons, Inc. (employer) filed a petition for termination of compensation agreement, alleging a meretricious relationship. The referee agreed and terminated death benefits. The Board affirmed the findings of fact but ordered suspension of benefits until the termination of the meretricious relationship.[1] Claimant's appeal to this court followed.

Claimant first argues that the term "meretricious relationship" is so vague and uncertain that it violates due process. We disagree. Courts have consistently described relationships as meretricious whenever two individuals are living together in a carnal way without benefit of marriage. *See, e.g., Workmen's Compensation Appeal Board v. Worley,* 23 Pa. Common-

---

[1] We recognize that, under our recent decision in *Jones Motors v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 210, 414 A.2d 157 (1980), the Board lacks authority to order suspension of compensation payable to the widow. Since employer failed to raise the issue, however, we need not address it.

wealth Ct. 357, 352 A.2d 240 (1976); *Pegee v. Ricchini,* 140 Pa. Superior Ct. 56, 12 A.2d 830 (1940).

Moreover, case law can sufficiently clarify an otherwise vague enactment. *Office of Disciplinary Counsel v. Campbell,* 463 Pa. 472, 345 A.2d 616 (1975), *cert. denied,* 424 U.S. 926 (1976). Where, as here, the meaning of the terms employed in a statute has long been recognized in law and life, they will be considered sufficiently definite and will be upheld against a vagueness attack. *Bellows v. Merchants Despatch Transportation Co.,* 257 App. Div. 15, 12 N.Y.S.2d 655 (1939), *aff'd,* 283 N.Y. 581, 27 N.E.2d 440 (1940); 16A Am. Jur. 2d *Constitutional Law,* §818, at 989 (1979). *See also Plymouth Coal Co. v. Pennsylvania,* 232 U.S. 531 (1914).

Claimant next argues that Section 307 violates the equal protection clause of the 14th amendment to the United States Constitution because (1) it treats a widow who remarries differently than a widow engaged in a meretricious relationship, since a widow who remarries is entitled to 104 weeks of benefits; and (2) it treats a widow living with a man in a meretricious relationship differently than a widow who is engaged in a meretricious relationship but who is not "living with" the man.

Since neither a suspect group nor a fundamental interest is involved in this proceeding, *see Graham v. Richardson,* 403 U.S. 365 (1971), Section 307 is valid if it is "rationally related to furthering a legitimate state interest," *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312 (1976). Thus, "we will not overturn such a statute unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." *Vance v. Bradley,* 440 U.S. 93, 97 (1979).

With respect to claimant's first equal protection argument we believe that the legislature had a rational basis for its classification. The legislature is properly concerned with fostering good morals by encouraging legally recognized and responsible family relationships and discouraging the formation of illicit relationships.[2] 1 A. Barbieri, *Workmen's Compensation* §5.34(1), at 114 (1975). Adoption of claimant's view would have the effect of encouraging meretricious relationships and discouraging remarriages. While we agree with claimant that the purpose of the workmen's compensation statute is to compensate dependents of a deceased employee, we do not believe that all other social policy ramifications must be excluded from consideration, especially in view of claimant's constitutional attack. This court is not limited to considering "*only* the needs of the employee seeking compensation. The decision of the weight to be given the various effects of the statute . . . is a legislative decision. . . ." *Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 490 (1977) (emphasis added).[3] Moreover, we do not "adhere to the view that the Workmen's Compensation Act should . . . be so construed as to

---

[2] In *Workmen's Compensation Appeal Board v. Worley, supra,* 23 Pa. Commonwealth Ct. at 360-61, 352 A.2d at 242, we decided that the purpose of Section 307 was to establish "*equality of treatment* to persons disqualified by remarriage on the one hand with persons who would live with persons of another gender without marriage on the other." (Emphasis added.) This opinion, however, was interpreting the statute as of August 1973, which was prior to the effectual date of the 1974 amendment. *See* note 6 *infra.*

[3] *Cf. Jones Motors v. Workmen's Compensation Appeal Board, supra* ("It seems apparent that the legislature, by the wording of Section 307, provided, as a requirement for the continuation of compensation benefits to a widow, that she forego any meretricious relationship. . . . A contrary reading of Section 307 would tend to encourage behavior which would not likely be acceptable or countenanced by the legislature." 51 Pa. Commonwealth Ct. at 210, 414 A.2d at 157).

provide a statutory reward for immoral conduct.'' *Insurance Co. of North America v. Jewel,* 118 Ga. App. 599, 600, 164 S.E.2d 846, 847, *rehearing denied* (1968).

Claimant's second equal protection argument—that Section 307 does not include widows not "living with" the man in a meretricious relationship—is also without merit. Underinclusiveness is not a basis for invalidating a statute on equal protection grounds. *Walker v. O'Bannon,* No. 80-353 (W.D. Pa., filed April 10, 1980). The equal protection clause does not require a state to choose between attacking every aspect of a problem or not attacking the problem at all. *Dandridge v. Williams,* 397 U.S. 471, *rehearing denied,* 398 U.S. 914 (1970).

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' . . . 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be and unscientific. (Citations omitted.)

*Id.* at 485. See also *Massachusetts Board of Retirement v. Murgia, supra.*

Claimant next contends that her relationship with Arnold is not meretricious, arguing that a meretricious relationship can exist only where there are unlawful sexual relations. Here, there is neither a legal impediment to marriage, since both adults are unmarried, nor an illegal relationship, since adultery and fornication are no longer unlawful. *See* Act of December 6, 1972, P.L. 1482, §5(a), 18 Pa. C.S.A. App.; *Commonwealth v. Bonadio,*        Pa.      , 415 A.2d 47 (Nos.

424

105-108 March Term, 1979, filed May 30, 1980). Thus, claimant argues her relationship is not meretricious, as there is no "taint of illegality."

This analysis is faulty, however, for our courts have described relationships as meretricious, both where there is an impediment to marriage, *Wolford v. Whiterock Quarries, Inc.,* 144 Pa. Superior Ct. 577, 20 A.2d 887 (1941); *Pegee v. Richardson, supra,* and where there is no impediment to marriage, *Kiska v. C. H. Ziegenfuss Co.,* 154 Pa. Superior Ct. 100, 35 A.2d 532 (1944). Furthermore, we have recently determined that "Section 307 authorizes the Board to disqualify persons living in meretricious relationships and not married *without reference to criminality." Workmen's Compensation Appeal Board v. Worley, supra,* 23 Pa. Commonwealth Ct. at 360, 352 A.2d at 241 (emphasis added). That adultery and fornication are no longer criminal, therefore, has no effect on the provisions of the Workmen's Compensation Act.

Claimant next argues that the insurance carrier should be estopped from seeking termination of benefits because the insurance agent informed claimant that compensation would be terminated in the event of remarriage.[4] This argument is without merit.

First, claimant cites no authority for the proposition that an insurance agent can estop the Board from applying the law. On the contrary, the general rule is that estoppel will not be applied to a governmental agency acting in its official capacity. *Commonwealth v. Western Maryland Railway,* 377 Pa. 312, 105 A.2d 336 (1954).

Second, the essential elements of estoppel, inducement and justifiable reliance,[5] are absent. The agent's

---

[4] The compensation agreement, dated October 22, 1974, provided that "dependency benefits will terminate upon widow's remarriage."

[5] *See, e.g., Blofsen v. Cutaiar,* 460 Pa. 411, 333 A.2d 841 (1975); *Sabino v. Junio,* 441 Pa. 222, 272 A.2d 508 (1971).

statement, when made, was a correct statement of the law.[6] The law regarding meretricious relationships has never changed, and we fail to see how the agent's statement induced claimant to engage in a meretricious relationship. Claimant had a duty to inform herself of the applicable law, and her ignorance of the law will not operate to create an estoppel. *See, e.g., Whitley v. Irwin,* 250 Ark. 543, 465 S.W.2d 906 (1971); *Tyus v. City of Los Angeles,* 74 Cal. App. 3d 667; 141 Cal. Rptr. 630 (1977).

Last, even if employer had specifically agreed to pay benefits to claimant if she entered into a meretricious relationship, this agreement would be null and void by virtue of Section 407 of the Act, 77 P.S. §731, which provides that "any agreement . . . varying the amount to be paid . . . as provided in this act, shall be wholly null and void." *See Temple v. Pennsylvania Department of Highways,* 445 Pa. 539, 285 A.2d 137 (1971).

Claimant's final argument is that Section 307, which provides that "the board *may* order the termination of compensation" (emphasis added), clothes the Board with a cloak of discretion that may be used

---

[6] Prior to 1968, Section 307 provided, in pertinent part, as follows: "That upon remarriage of any widow, the compensation of such widow shall continue as hereinbefore provided for one-third of the period during which compensation then remains payable to her."

By amendment dated January 17, 1968, P.L. 6, §1, effective March 17, 1968, this language was deleted from the statute, thereby terminating benefits to widows who remarry.

By further amendment dated December 5, 1974, P.L. 782, §12, effective February 5, 1975, Section 307 was again changed, and Section 307 now provides that widows who remarry "shall receive one hundred four weeks compensation . . . in a lump sum after which compensation shall cease."

The compensation agreement, dated October 22, 1974, was entered into at a time when widows who remarried had their benefits terminated.

426

arbitrarly. Claimant does not here argue, however, that the Board has abused its discretion. Moreover, this court can review the actions of the Board to determine whether there is an abuse of discretion. *See, e.g., Workmen's Compensation Appeal Board v. Worley, supra; Brown v. Atlantic & Gulf Stevedores, Inc.,* 2 Pa. Commonwealth Ct. 481, 279 A.2d 372 (1971).

Accordingly, we make the following

ORDER

AND Now, this 27th day of June, 1980, the order of the Workmen's Compensation Appeal Board, dated August 10, 1978, suspending compensation benefits to Sandra K. Nevius, is hereby affirmed.