543 A.2d 1268

BethEnergy Mines, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Sadvary), Respondents.

Submitted on briefs April 5, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Carl J. Smith, Jr., Ceisler, Richman, Sweet,* for petitioner.

*C. Jerome Moschetta,* for respondent.

OPINION BY SENIOR JUDGE BARBIERI, July 6, 1988:

BethEnergy Mines Inc. (Employer) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) dismissing its petition alleging that Alice Sadvary (Claimant) had entered into a meretricious relationship and should therefore have her widow's benefits terminated under Section 307(7) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §562. We reverse.

Claimant's husband, Steven Sadvary, died in a work related accident on August 19, 1980. Pursuant to Section 307 of the Act[1], Claimant was· awarded widow's benefits in the amount of $199.00 per week. Beginning in 1984, Employer retained a private investigation firm which established through surveillance that Claimant was living with another man who was at the time separated from his wife. The Claimant admitted that she lived with this man for a period of one year, that she

---

[1] 77 P.S. §561.

was not married to him, and that the relationship included sexual relations. Section 307(7) of the Act states in pertinent part:

> Provided, however, That if, upon investigation and hearing, it shall be ascertained that the widow or widower is living with a man or woman, as the case may be, in meretricious relationship and not married, or the widow living a life of prostitution, the board may order the termination of compensation payable to such widow or widower.

The referee found that such a meretricious relationship existed. The Board accepted this finding, but found that the economic effect of terminating benefits to a forty eight year old widow living in an economically depressed area, who had not worked in fifteen years, and who was now totally dependent upon these benefits for support, would be devastating. The Board further found that, as Claimant had ceased her meretricious relationship with the filing of Employer's termination petition, it would exercise its "discretionary" authority under Section 307(7) and deny Employer's petition. Employer argues on appeal that the Board has no such discretionary authority under Section 307(7) and that once Employer proves its case the Board must grant the petition as a matter of law.

Section 307(7) is a legislative attempt to regulate morality from an anachronistic era which has repeatedly survived the due process and equal protection attacks which sunk similar minded criminal statutes dealing with adultery and fornication years ago.[2] *See Nevius v.*

---

[2] However, there has not yet been a challenge to Section 307(7) under the provisions of Article 3, §18 of the Pennsylvania Constitution which provides in pertinent part that:

> The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of

*Workmen's Compensation Appeal Board (I. Reindollar and Sons, Inc.)*, 52 Pa. Commonwealth Ct. 418, 416 A.2d 1134 (1980); *Workmen's Compensation Appeal Board v. Worley*, 23 Pa. Commonwealth Ct. 357, 352 A.2d 240 (1976). In the past the Board has ameliorated the harsh results of Section 307(7) while attempting to reconcile its legislative purpose by using the phrase "the board *may* order . . ." to impose a suspension of benefits for the period the claimant engaged in the meretricious relationship. In both *Nevius* and *Worley* we sustained such suspensions in the face of attacks by the claimant that the Board's action constituted an abuse of discretion. However, we specifically noted in *Nevius* that the employer had not raised the issue of whether the board lacked the authority to order a suspension. *Nevius* at 420, n.1, 416 A.2d at 1136, n.1. When in *Jones Motors v. Workmen's Compensation Appeal Board (Moyer)*, 51 Pa. Commonwealth Ct. 210, 414 A.2d 157 (1980), the employer challenged the Board's authority to issue a suspension under these circumstances, we were quick to point out that Section 307(7) authorized termination only, which is not interchangeable with suspension, and consequently the Board had no discretion or authorization to order a suspension.

The Board is attempting to do indirectly in this case what we ruled it could not do directly in *Jones*. If the Board does not have the discretion to order a suspension in lieu of termination, it does not have the discre-

---

reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and *regardless of fault of employer or employe*. . . . but in no other cases shall the General Assembly limit the amount to be recovered for *injuries resulting in death*. . . .

(Emphasis added.) The constitutionality of Section 307(7) has not been raised by either party in this case and we will not do so *sua sponte*.

tion to simply not order a termination at all. As we noted in both *Jones* and *Nevius:*

> It seems apparent that the legislature, by the wording of Section 307, provided, as a requirement for the continuation of compensation benefits to a widow, that she forego any meretricious relationship and not live a life of prostitution. A contrary reading of Section 307 would tend to encourage behavior which would not likely be acceptable or countenanced by the legislature.

*Jones* at 213, 414 A.2d at 159; *Nevius* at 422, n.3, 416 A.2d at 1137, n.3.

Giving the Board discretionary authority under Section 307(7), "clothes the Board with a cloak of discretion that may be used arbitrarily." *Nevius* at 425-426, 416 A.2d 1139. We do not believe the legislature intended to give the Board the right to pick and choose which widows or widowers living in meretricious relationships should have their benefits terminated and which should not based on economic and social factors of the Board's own choosing. It is not up to the Board to make determinations that the Claimant lives in an economically depressed area, that substantial employment prospects are unlikely, and that Claimant cannot compete for minimum wage fast-food type employment with teenagers and younger people more adaptable for such work (Board opinion at 4, R.R. 82a).

We recognize the good intentions of the Board, but such intentions are just as likely to create arbitrary chaos in an attempt to achieve social justice as to achieve such justice. Far better for the legislature to rectify the harsh results of Section 307(7) by bringing the statute into conformity with the modern age than to permit the Board to substitute itself for the legislature as the arbitrator of morality on a case by case basis according to its own views.

ORDER

NOW, July 6, 1988, the order of the Workmen's Compensation Appeal Board at No. Misc. 4365, dated July 20, 1987, is hereby reversed. Jurisdiction relinquished.

---

CONCURRING OPINION BY JUDGE CRAIG:

The previous decisions of this court interpreting the meretricious relationship disqualification provision of section 307(7) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §562, in accordance with the interpretation of that concept by the Pennsylvania Supreme Court in the past, unfortunately mandate the result reached here.

Although section 307(7), in dealing with the disqualification, reads that the board "may" order the termination of compensation payable to the widow, we regrettably are unable to conclude that such permissive language gives the board untrammeled discretion, in order to uphold the understandable decision of the board in this case. In accordance with the principle that courts must construe statutes in order to avoid constitutional infirmity, the Supreme Court has held, in a leading case, that where a statute directs the doing of a thing for the sake of justice, the word "may" means the same as the word "shall." *Hotel Casey v. Ross*, 343 Pa. 573, 579, 23 A.2d 737, 740 (1942). Our intermediate appellate courts have concurred. *Carroll Township v. Jones*, 85 Pa. Commonwealth Ct. 400, 481 A.2d 1260 (1984), *Melnick v. Melnick*, 147 Pa. Superior Ct. 564, 25 A.2d 111 (1942). The application of that statutory construction principle is particularly appropriate here. To construe "may" as permissive would allow the board to benefit some surviving spouses and to punish others; without any guidelines to govern such decisions, and to facil-

itate judicial review of the board's choices, the result would be an arbitrary and therefore unconstitutional legislative delegation. The law leaves the board no choice with respect to imposing the meretricious relationship disqualification.

Nevertheless, there is a need to emphasize the inappropriate nature of that disqualification in today's world and the immediacy of a need for legislative review.

The dictionary definition of "meretricious" is, in its first meaning, "of or relating to a prostitute: having a harlot's traits. . . ." Webster's Third New International Dictionary p. 1413-14 (1966). Even though the legislature has amended section 307(7) now to mention "widower" as well as "widow," continued application of the "meretricious relationship" doctrine has a definitely anti-female thrust. The concept suggests an insupportable view that every woman is an economically dependent creature who lives with a man out of wedlock in order to derive support from his masculine—*i.e.*, economically productive—role in the world.

If the deprivation of a widow's compensation benefits were based solely on the idea that the widow, in sharing living quarters with a man, was thus obtaining an economic replacement for worker compensation benefits, equivalent to remarriage, without any moral judgment being assessed, then the sanction logically could only be a suspension of benefits, not a termination of them. However, the termination sanction imparts to this provision of law the nature of a punitive bill of attainder. If a widow, after losing her spouse as a consequence of his employment, lives with another man without benefit of wedlock, even temporarily, she loses those benefits forever. The punitive nature of the provision became only more clear when the legislature added widowers to the ranks of those whom the law would punish for their presumed moral transgressions.

Serious legislative reassessment is needed.

Dissenting Opinion by Judge Palladino:

I respectfully dissent.

The only issues presented to the court in this case are (1) whether section 307(7) of the Act provides the Board with the discretion to decide not to terminate benefits when it ascertains that a widow is living in a meretricious relationship and, if so, (2) whether the Board abused that discretion. The majority did not reach the second issue because the majority concluded:

> We do not believe the legislature intended to give the Board the right to pick and choose which widows or widowers living in meretricious relationships should have their benefits terminated and which should not based on economic and social factors of the Board's own choosing.

Majority op. at 469. I disagree with the majority's conclusion that the legislature did not intend to give the Board the discretion to determine whether benefits to a widow or widower should be terminated when a widow or widower is determined to be living in a meretricious relationship.

> Section 307(7) states, in part:
> Should any dependent of a deceased employe die or remarry, . . . the right . . . to compensation under this section *shall* cease . . . : Provided, however, that if, upon investigation and hearing, it shall be ascertained that the widow or widower is living with a man or woman, as the case may be, in meretricious relationship and not married, . . . the board *may* order the termination of compensation payable to such widow or widower. . . . (Emphasis added.)

In *Jones Motors v. Workmen's Compensation Appeal Board (Moyer)*, 51 Pa. Commonwealth Ct. 210, 414 A.2d 157 (1980), the issue was whether section 307(7) permits a suspension in lieu of termination when a mer-

etricious relationship is ascertained. This court held that the Board's power to terminate did not include the power to suspend. In the instant case, the majority concludes that if the Board does not have the discretion to suspend, "it does not have the discretion to simply not order a termination at all." Majority op. at 468-69: The majority bases this conclusion on its belief that allowing the Board such discretion would "create arbitrary chaos." *Id.* at 4. However, just because the Board *might* arbitrarily apply its discretion does not justify a determination that the legislature did not give it such discretion.

The legislature used the discretionary "may" in section 307(7) with respect to meretricious relationships. If the legislature had not intended to give the Board discretion to terminate benefits where a meretricious relationship has been ascertained, it would have used the mandatory "shall", as it did with respect to death and remarriage. The majority opinion concludes that the possible arbitrary application of this discretion justifies interpreting the word "may" as "shall". This court considered the arbitrariness argument in *Nevius v. Workmen's Compensation Appeal Board (I. Reindollar and Sons, Inc.)*, 52 Pa. Commonwealth Ct. 418, 416 A.2d 1134 (1980), and indicated that arbitrary application would be an abuse of discretion and reviewable by this court.

The opinion which concurs with the majority agrees that permitting the Board discretion in these cases would result in an arbitrary determination of which surviving spouses will benefit. The concurrence opines that such a result is unconstitutional and that to avoid unconstitutionality, the statute must be interpreted as requiring termination of benefits when a meretricious relationship is found. I disagree.

In this case, the Board's exercise of its discretion not to terminate Claimant's benefits was based on

Claimant's economic circumstances. Using economic circumstances as a basis upon which to determine whether benefits should be continued or terminated is not an arbitrary exercise of the Board's discretion. For example, the legislature provides in section 307(7) that to receive benefits, a surviving spouse not living with the decedent at the time of death, and not living in a meretricious relationship, must show actual dependence.[1] Therefore, the Board was reasonable in using the economic dependency of the surviving spouse as the criterion when the surviving spouse is engaged in a meretricious relationship to decide whether or not to terminate benefits. Because the record contains substantial support for the Board's finding that Claimant was economically dependent on the benefits, I would affirm the Board's decision.

The majority's argument as to the possible unconstitutionality of this portion of section 307(7), which the concurrence also raises, is premature. Although the majority correctly notes, majority op. at 467-68, n.2, that the constitutionality issue has not been raised by counsel in this case, it nonetheless fails to recognize that it is inappropriate for this court to indicate in what way it would resolve such a constitutional challenge were the issue before us.

---

[1] The actual language of section 307(7) states: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then *actually dependent upon him* and receiving from him a substantial portion of her support." (Emphasis added.)

Section 307(7) uses the terms widow and widower and sets forth different criteria for the receipt of benefits. This court in *Oknefski v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 450, 439 A.2d 846 (1981), held this difference violative of the equal protection clauses of the federal and state constitutions, U.S. Const. amend. XIV and Pa. Const. art. III, §32, and held that the less restrictrive widow's standard for eligibility was to be applied to widowers as well as widows.