570 A.2d 84

**BETHENERGY MINES, INC., Appellee,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (SADVARY).**

**Appeal of Alice SADVARY.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1989.

Decided Feb. 15, 1990.

C. Jerome Moschetta, Washington, for appellant.

Norman R. Haigh, Secretary, W.C.A.B., Harrisburg.

Carl J. Smith, Jr., Ceisler, Richman & Sweet Law Firm, Washington, for Bethenergy Mines, Inc.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

█ We granted Appellant's petition for allowance of appeal to review the Commonwealth Court Order and Opinion, 117 Pa.Cmwlth. 465, 543 A.2d 1268 (Barbieri, S.J., Craig, J., concurring and Paladino, J., dissenting), reversing the Workmen's Compensation Appeal Board (Board) which had denied Appellee's petition for termination of Workmen's Compensation benefits. Specifically, we are asked to interpret § 307(7) of the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 562 which addresses termination of widow's and widower's benefits for involvement in a meretricious relationship.

Appellant, Alice Sadvary, was awarded widow's benefits in 1984 based upon her husband's 1980 work-related death. Shortly thereafter, Appellee, Bethenergy Mines, Inc., the self-insured compensation employer, hired a private investigator to conduct a surveillance of Appellant. As the result of this surveillance, Appellee learned that Appellant was living with another man. This information precipitated the filing of a petition to terminate compensation benefits under § 307(7) of the Act.

It is undisputed that the Appellant was in the midst of a meretricious relationship. The Board determined that such a finding did not mandate termination of benefits. As indicated, a divided panel of the Commonwealth Court reversed the Board. The lead opinion, authored by Judge Barbieri, theorized that § 307(7) was mandatory and not discretionary and therefore once the Board determined that the Appellant was participating in a meretricious relationship, termination of benefits was required. He concluded that although the result seemed harsh, it was for the legislature and not the court to rectify. Although agreeing with the result reached by the lead opinion, the concurring opinion, theorized that a strict interpretation of the term "may" would result in the Board having unbridled discretion which is constitutionally impermissible. Thus, "may"

meant the same as "shall". Like the lead opinion, the concurring opinion implored the legislature to rectify this glaring injustice. Finally, the dissenting opinion argued that the legislature did not intend for "may" and "shall" to have the same meaning and that economic circumstances provided sufficient criteria to avoid a constitutional challenge.

For the reasons set forth hereinafter, we must reverse the Commonwealth Court.

Section 307(7) of the Act states, in pertinent part:

\* \* \* \* \* \*

Provided, however, That if, upon investigation and hearing, it shall be ascertained that the widow or widower is living with a man or a woman as the case may be, in a meretricious relationship and not married, or the widow living a life of prostitution, the Board *may* order the termination of compensation payable to such widow or widower. (Emphasis added).

With regard to death or remarriage, § 307(7) provides that

Should any dependent of a deceased employe [sic] die or remarry, or should the widower become capable of self support, the right of such dependent or widower to compensation under this section *shall cease* except that if a widow remarries, she *shall* receive 104 weeks compensation at a rate computed in accordance with class 2 of § 307 in a lump sum after which compensation *shall* cease ... (Emphasis added) (Footnote omitted).

Thus, within the same provision, the legislature has specifically used the words "shall" and "may".

While we are cognizant of the principle of law set forth in *Hotel Casey v. Ross*, 343 Pa. 573, 579, 23 A.2d 737, 740 (1942), that, "where a statute directs the doing of a thing for the sake of justice, the word 'may' means the same as the word 'shall' ", we are bound by principles of statutory construction in interpreting any statute. In particular, we have long been guided by the principle that when enacting legislation, the legislature does not intend to violate any

constitutional provisions. 1 Pa.C.S. § 1922(3). Furthermore, common usage of a word is appropriate unless specified otherwise. 1 Pa.C.S. § 1903(a). Finally, if language is not ambiguous, then we cannot ignore its plain meaning to reach a desired result. 1 Pa.C.S. § 1921(b).

■ The use of the word "may" in § 307(7) cannot be considered insignificant or coincidental when compared with other parts of that section as well as other provisions of the Act. For example, in § 307(7) the legislature chose the word "shall" to mandate what group would be the beneficiary of benefits. Furthermore, § 307(7) denies the Board any discretion in determining when a widow of an employee will receive compensation through the choice of the word "shall". Finally, concerning the affect of a widow's marriage, the legislature used the word "shall" rather than "may" in setting forth a widow's right. The remaining sections of the Act are replete with similar examples.

Although there may be some instances when the legislature interchangeably uses "may" and "shall", this does not appear to be such an instance. Without clear direction by the legislature to the contrary, we conclude that the use of the word "may" in § 307(7) granted discretion to the Board.

Finally, if in fact the Board is granted discretion, the issue becomes under what guidelines may this discretion be exercised. Appellee argues that no such guidelines are apparent, therefore, an exercise of discretion by the Board would be arbitrary. This, of course, would result in an unconstitutional delegation of authority. *Tosto v. Pa. Nursing Home and Loan Agency,* 460 Pa. 1, 331 A.2d 198 (1975).

■ A presumption exists that the legislature does not intend an unconstitutional result. 1 Pa.C.S. § 1922(3). Furthermore, a proponent arguing the unconstitutionality of a legislative enactment has a heavy burden to sustain his claim. *James v. SEPTA,* 505 Pa. 137, 477 A.2d 1302 (1984). Reviewing this provision of the Act in light of these standards, we cannot agree with Appellee.

The purpose of the Act is remedial in nature and designed to protect workmen and their dependents suffering economic damages from work-related injuries. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d 627 (1981). In exercising any discretion the Board must do so keeping in mind the Act's purpose. As we stated in *Pa. Nursing Home and Loan Agency*, "... pervasive general policy is clearly sufficient to satisfy the constitutional requirement that 'basic policy choices' be made by the legislature." 460 Pa. at 12, 331 A.2d at 203. The use of economic circumstances as a basis upon which to determine whether benefits should be continued or terminated is not an arbitrary exercise of the Board's discretion. In making its determination, the Board considered the Appellant's ability to support herself based on her income and earning potential. Finding the Appellant could not survive without the workmen's compensation benefits, the Board denied Appellee's petition to terminate benefits. As such we cannot agree that the Board's exercise of discretion in this instance was arbitrary.

The Order of the Commonwealth Court is reversed and the Board's Order dismissing Appellee's termination petition is reinstated.

McDERMOTT, J., dissents.