603 A.2d 238

**Marilyn McCUSKER, Deceased, Alan L. McCusker, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (RUSHTON MINING COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1991.

Decided Jan. 28, 1992.

262

Raymond F. Kiesling, for petitioner.

Michael J. Wagner, for respondent.

Before McGINLEY, and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

McGINLEY, Judge.

Alan L. McCusker (Claimant), widower of Marilyn McCusker (Decedent), petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that affirmed a referee's decision granting Rushton Mining Company's (Employer) petition for termination of benefits after determining that Claimant had engaged in a meretricious relationship in violation of Section 307(7) of The Pennsylvania Workmen's Compensation Act (Act).[1]

The issues presented for our review are whether Claimant's sexual conduct with an unmarried woman constitutes a meretricious relationship under Section 307(7) of the Act; whether termination of Claimant's benefits under Section 307(7) is consistent with Article 3, Section 18 of the Pennsylvania Constitution; whether Section 307(7) violates Claimant's rights to due process, equal protection and privacy under both the state and federal constitutions; and whether a widower's death benefits may be reinstated subsequent to termination by a future exercise of the Board's discretion.

---

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 562. This section, which provides compensation for dependents of deceased employees, states in pertinent part:

> Provided, however, That if, upon investigation and hearing, it shall be ascertained that the widow or widower is living with a man or a woman as the case may be, in a meretricious relationship and not married, or the widow living a life of prostitution, the Board may order the termination of compensation payable to such widow or widower.

Decedent, a female coal miner, died in a rockfall in Employer's mine on October 2, 1979. Claimant, Decedent's widower, began receiving compensation at the rate of $215.00 per week as set forth in an agreement of compensation dated January 22, 1980. On August 18, 1988, Employer filed a petition for termination asserting that Claimant has violated Section 307(7) of the Act by engaging in a meretricious relationship. On August 3, 1988 Claimant filed an answer to Employer's petition denying any violation.

On March 7, 1989, a hearing was held and Claimant appeared and testified. Claimant admitted to living with Connie Boone (Ms. Boone) and her 10 year-old daughter in a rented townhouse for three and one-half years. Claimant also admitted to socializing with Ms. Boone in and around the community where they reside, as well as having sexual relations with her for the past three and one-half years. As a result of this testimony, the referee found that Claimant had engaged in a meretricious relationship in violation of Section 307(7). The referee therefore granted Employer's termination petition. The Board affirmed noting that the referee's decision was supported by substantial evidence. Claimant appeals.

■ Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

■ Claimant's first contention is that a meretricious relationship does not exist under the facts of this case. Although Claimant clearly admits to cohabitation and sexual relations with Ms. Boone, Claimant contends that such a living arrangement is not legally prohibited and does not constitute immoral conduct in present day society. Because sex between consenting unmarried adults does not consti-

tute any crime in this state Claimant argues that the forfeiture of his benefits is a violation of Article 3, Section 18, of the Pennsylvania Constitution[2] and an unlawful limitation on the amount that he could recover.

In *DeJesus v. Liberty Mutual Insurance Company*, 439 Pa. 180, 268 A.2d 924 (1970), our Supreme Court noted that the purpose of Article 3, Section 18 is to permit the General Assembly to promulgate workmen's compensation legislation. The Court in *DeJesus* further noted that this provision also precludes the enactment of general legislation covering injuries other than those arising in the course of employment. *Id.*, 439 Pa. at 184, 268 A.2d at 926. Consequently the phrase cited by Claimant, "but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death" operates only to preclude the enactment of legislation limiting the amount of recovery for fatal injuries other than those arising in the course of employment. *Id.* We conclude that the termination of Claimant's benefits pursuant to Section 307(7) of the Act does not violate Article 3, Section 18.

Claimant also cites the Supreme Court's decision in *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sadvary)*, 524 Pa. 235, 570 A.2d 84 (1990), for the proposition that the policy concern of Section 307(7), as identified by this Court in *Nevius v. Workmen's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 418, 422, 416 A.2d 1134, 1136 (1980), of fostering good morals by encouraging legally recognized family relationships and discouraging illicit relationships, is secondary to the economic need of the recipient of benefits. We do not think the

**2.** Article 3, Section 18 of the Pennsylvania Constitution provides in pertinent part:

The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe ..., but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death....

Supreme Court went as far as Claimant asserts. In *Sadvary*, the employer filed a termination petition after its private investigator had discovered that the claimant, a 48–year–old widow, was living with a man outside the bonds of matrimony. The claimant admitted having sexual relations with the man. Although the referee found that a meretricious relationship had existed, the Board denied the termination petition on the bases that the claimant had ceased her meretricious relationship upon the filing of the petition and that she lived in a depressed area and was totally dependent on the benefits.[3] The Supreme Court also interpreted the phrase "the Board *may* order the termination of compensation" as a grant of discretionary authority to the Board. *Sadvary*, 524 Pa. at 239, 570 A.2d at 86. The Supreme Court further noted that consideration of economic circumstances, especially the claimant's ability to support herself based on her income and earning potential, does not constitute an arbitrary exercise of the Board's discretion. *Id.*, 524 Pa. at 240, 570 A.3d at 86. Claimant, in his brief, refers to his testimony before the referee and acknowledges that by the time of the referee's hearing he had redeemed his home from foreclosure and he is in the process of finishing its construction. Claimant also acknowledges that by the time of the hearing before the referee he had obtained employment in a position that pays approximately $520.00 per week in gross wages. Claimant does contend his economic situation is similar to that of the widow in *Sadvary*. Consequently, we conclude the Board did not err in affirming the referee's decision to terminate benefits.

■ Claimant next contends that the forfeiture provision in Section 307(7) violates his constitutional rights to privacy, due process and equal protection. Claimant's equal protection and right to privacy challenges consist of a contention that he is placed into a class of "death benefit recipients

---

**3.** In this Court's decision in *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sadvary)*, 117 Pa.Commonwealth Ct. 465, 467, 543 A.2d 1268, 1269 (1988), we construed the language of Section 307(7) as requiring the Board to terminate benefits upon the finding of a meretricious relationship.

who are treated differently than injured workers." Claimant urges that a "strict scrutiny" test be applied to determine whether the state has a "compelling interest" to justify the classification.

In *Nevius* we held that neither a suspect group nor fundamental privacy interest is involved in a termination proceeding under Section 307(7) of the Act. 52 Pa.Commonwealth Ct. at 421, 416 A.2d at 1137. We further noted that Section 307 is a valid provision if it can be found to be rationally related to furthering a legitimate state interest. We concluded that the legislature had a rational basis for this classification by noting that the legislature is properly concerned with fostering good morals by encouraging legally recognized and responsible family relationships and discouraging the formation of illicit relationships. *Id.*, 52 Pa.Commonwealth Ct. at 422, 416 A.2d at 1137.

Although the Supreme Court upheld the Board's refusal to grant a termination petition in *Sadvary* on the basis of economic hardship to the claimant, it must be noted that the claimant had ceased her meretricious relationship upon the filing of the employer's petition. Thus it cannot be argued that the Supreme Court's interpretation of Section 307(7) in *Sadvary* has obscured or lessened the legislature's purpose of encouraging marriage and legally recognized family relationships as well as that of closing a loophole that would encourage claimants to refrain from remarrying. Accordingly, under *Nevius,* we conclude that Section 307(7) of the Act does not violate Claimant's constitutional rights to privacy, equal protection or due process.

■ Claimant's next contention is that Section 307(7) does not compel permanent termination of benefits and that benefits may be resumed after termination by a future exercise of the Board's discretion. Claimant has not filed a petition for reinstatement of benefits and, as a result, we conclude that this issue is not properly before this Court. Pa.R.A.P. 1551.

■ Even assuming this issue were properly before the Court, we conclude that Claimant would not be entitled to a

reinstatement of benefits. In *Jones Motors v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 210, 414 A.2d 157 (1980), we noted that Section 307(7) requires the Board to "terminate" rather than "suspend" benefits and that termination "signifies a conclusion or cessation" or to "make to cease," to "have its end." *Id.*, 51 Pa.Commonwealth Ct. at 213, 414 A.2d at 159. Section 307 requires termination, not suspension. The legislature has provided for reinstatement after lawful termination only where disability has recurred.[4] Section 413 of the Act, 77 P.S. § 772.

The order of the Board is affirmed.

## ORDER

AND NOW, this 28th day of January, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned proceeding is affirmed.

---

4. As noted by Claimant, the General Assembly is currently considering legislation that would remove the meretricious relationship provision from Section 307(7) of the Act. Likewise, it is the duty of the legislature to provide additional grounds for reinstatement.